# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1791V
UNPUBLISHED

| | |
|---|---|
| JULIETTE LEVY on behalf of her minor child, J.L., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: February 9, 2023 <br><br> Pre-Assignment Review (PAR); Attorney's Fees and Costs; Reasonable Basis; Good Faith; Human Papillomavirus (HPV) Vaccine; complex regional pain syndrome (CRPS); missing vaccination record. |

*Andrew D. Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION DENYING ATTORNEY'S FEES AND COSTS**[1]

On December 7, 2020, Juliette Levy filed a petition for compensation on behalf of her minor child, J.L., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that the human papillomavirus ("HPV") vaccine that J.L. received on April 12, 2018, caused him to develop complex regional pain syndrome ("CRPS"). ECF No. 1 ¶ 5. Petitioner withdrew the case just over nine months later, however – well before the claim's substantive basis could be evaluated, and for the express purpose of litigating the claim in a different manner and alternative forum.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner now seeks an award of attorney's fees and costs, but Respondent contests the propriety of such an award. For the reasons discussed below, while I find there was good faith for Petitioner's claim, I also find that Petitioner's claim lacked reasonable basis and, therefore, is not entitled to an award of attorney's fees and costs.

**I.    Background**

Petitioner alleged that J.L. developed CRPS from an April 12, 2018 HPV vaccination administered at J.L.'s pediatrician. ECF No. 1.[3] Neither the petition, Petitioner's affidavit, nor the PAR Questionnaire further identified J.L.'s pediatrician.[4] Moreover, Petitioner did not file any medical records from J.L.'s pediatrician. Despite that omission, Petitioner filed a Statement of Completion on April 21, 2021. ECF No. 13.

As noted, Petitioner timely filed a Notice of Intent to Withdraw from the Vaccine Program, in accordance with the terms of the Act, on September 3, 2021. ECF No. 15. This case (and numerous others like it) filed by the same counsel alleges an injury relating to the administration of an HPV vaccine but has been withdrawn in accordance with the terms of the Vaccine Act and Rules, solely for the purpose of combining it with like cases against the vaccine manufacturer pending in other fora. (A more thorough explanation of the substantive background for early termination is set forth in *Atjian v. Sec'y of Health & Hum. Servs.*, No. 21-1413V, 2022 WL 17587757 (Fed. Cl. Spec. Mstr. Oct. 18, 2022), and is incorporated by reference herein). I accordingly issued an Order Concluding Proceedings pursuant to Vaccine Rule 10(d) on September 8, 2021. ECF No. 16.

On September 9, 2021, Petitioner filed a motion for attorney's fees and costs. Motion for Final Attorney's fees and Costs ("Mot."), ECF No. 18. On September 21, 2021, Respondent filed an opposition ("Opp."), arguing that Petitioner had failed to establish a reasonable basis and good faith for the claim. ECF No. 20. Among other issues raised, Respondent noted that Petitioner had not submitted any proof of vaccination. Opp. at 10. Petitioner did not file a reply to Respondent's opposition.

**III.    Fees Are Not Appropriate for This Matter**

Consistent with my determination in *Atjian*, this claim had sufficient good faith, even if counsel expected to withdraw it well before its adjudication. Petitioner proposed a definition good faith as an "honest belief that [he] suffered an injury due to the vaccination at issue." Mot. at 2. Respondent argues that for a case to be brought in good faith, it must

---

[3] The petition indicates that the April 12, 2018 HPV vaccination was the second in the series and that J.L. received the first HPV vaccination on October 10, 2017. ECF No. 1 ¶ 3. However, Petitioner does not allege any injuries from the first HPV vaccination.

[4] Based on the hospital records, J.L.'s pediatrician appears to be Dr. Ernest Mackey. Exhibit 3 at 69.

2

be brought "with the intent to litigate the merits of the claim" in the Program. Opp. at 7. Both parties presented identical legal arguments in support of their respective definitions to those presented in *Atjian*, 2022 WL 17587757, at *4, and I found good faith satisfied simply because Petitioner does believe the vaccine was injurious (even if a review of reasoned decisions in the Program reveals the factual unsoundness of that belief).

Turning to reasonable basis, Petitioner has not met the first requirement for every vaccine claim filed, establishing that J.L. received a vaccine listed on the Vaccine Injury Table. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Petitioner did not file medical records from J.L.'s pediatrician, which presumably would include the administration record for the April 12, 2018 HPV vaccination. Respondent objected to reasonable basis due to the absence of a vaccination record, but Petitioner did not file a reply to address the objection.

As discussed in *Atjian*, for that case and all other similarly situated cases, I emphasized that "the rules and procedures provided by the Vaccine Act for filing claims must be followed, even if it was expected that an initiated claim would not be litigated to its completion. As such, claims involving the HPV vaccine had to be litigated like any other and meet the requirements that all cases must meet in the Program – at all relevant stages." 2022 WL 17587757, at *2. Here, Petitioner has not met the minimal requirements of the Vaccine Program by failing to submit J.L.'s vaccination record to establish that J.L. received a vaccine listed in the Vaccine Injury Table. Petitioner did not file a reply to Respondent's opposition to contest, or at least explain, the absence of a vaccination record. Even if the vaccination record was somehow unavailable, Petitioner would have been required by Vaccine Rule 2(c)(2)(B)(i) to file an affidavit detailing efforts to obtain the vaccination record and the reasons for its unavailability, which Petitioner has not done. Accordingly, Petitioner has failed to establish a reasonable basis for the claim.

## CONCLUSION

Based on Petitioner's failure to submit a vaccination record and establish the vaccination at issue, I find that Petitioner has failed to establish reasonable basis and, I hereby **DENY** Petitioner's Motion. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.